UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ADRIAN AGUILAR, JOSE POLANCO, JUAN
PABLO MARTINEZ, MARTIN PEREZ, ANTONIO
CARNALLA, HILLARIO LOZANA ARAGON,
NICOLAS ANCO, and JORGE ANCO,                                    Docket No.
                                                                 ECF Case

                        Plaintiffs,

            v.                                                   **COMPLAINT**


SNG ASSOCIATES INC., SNG BRICK AND
STONE INC. and GREGORY DEC,

                        Defendants.                              *Jury Trial Demanded*
---------------------------------------------------------------X

        Plaintiffs ADRIAN AGUILAR, JOSE POLANCO, JUAN PABLO MARTINEZ,

MARTIN PEREZ, ANTONIO CARNALLA, HILLARIO LOZANO ARAGON, NICOLAS

ANCO and JORGE ANCO (collectively, the "Plaintiffs"), by their attorneys, RAPAPORT LAW

FIRM, PLLC, as and for their Complaint, allege as follows:

                        <u>**PRELIMINARY STATEMENT**</u>

        1.      The Plaintiffs bring this action to remedy violations of the wage and hour

provisions of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201 <u>et seq.</u>

("FLSA") and New York Labor Law ("NYLL"), including unpaid minimum and overtime

wages.

        2.      As more fully alleged below, the Plaintiffs were employed by defendants SNG

Associates Inc., SNG Brick and Stone Inc. (collectively, "SNG") and Gregory Dec (collectively,

the "Defendants") at various times beginning in or about December 2016 through in or about

February 2017, to perform brick and masonry construction work at a construction project located

at 540 West 26th Street, New York, NY (the "Project").

3.     None of the Plaintiffs was paid overtime pay of one and one half times their regular hourly rates for the hours worked above forty each week.

4.     In addition, as described more fully below, Defendants egregiously exploited Plaintiffs by failing to pay Plaintiffs *any* wages whatsoever for extended periods of time during Plaintiffs' employment at the Project.

5.     Certain of the Plaintiffs received no compensation whatsoever for *any* of their labor, and they quit their jobs only after realizing that Defendants had no intention of paying them wages that they were owed.  In sum, Defendants willfully deceived Plaintiffs and stole their hard work and labor.

6.     This Court has subject matter jurisdiction over this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), diversity jurisdiction under 28 U.S.C. §1332, and supplemental jurisdiction to consider claims arising under New York state laws pursuant to 28 U.S.C. §1367.

7.     The Court has supplemental jurisdiction over the state law (New York Labor Law) claims pursuant to 28 U.S.C. § 1367(a) because these state wage claims are so related to the FLSA wage claims that they form part of the same case of controversy.

8.     Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391.  Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiffs within the State of New York and within this judicial

district.  Defendants employed Plaintiffs in this judicial district.

      9.    This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

## THE PARTIES

**Defendants:**

      10.    SNG Brick and Stone Inc. is a New York corporation doing business in the County of New York, State of New York, and maintaining a place of business in Kings County, New York.

      11.    SNG Associates Inc. is a New York corporation doing business in the County of New York, State of New York, and maintaining a place of business in Kings County, New York.

      12.    SNG Brick and Stone Inc. and SNG Associates Inc. both have an address for the conduct of business at 1119 38th Street, Brooklyn, New York 11218.

      13.    SNG Brick and Stone Inc. and SNG Associates Inc. both conduct business as a unified construction enterprise under the trade name "SNG."

      14.    As a matter of economic reality, SNG Brick and Stone Inc. and SNG Associates Inc. operate as a single and unified enterprise that is controlled by Gregory Dec.

      15.    Upon information and belief, Gregory Dec is an adult natural person who is Principal of SNG Brick and Stone Inc. and SNG Associates Inc.

16.    Gregory Dec controlled the terms and conditions of Plaintiffs' employment at the Project, including but not limited to the amounts that Plaintiffs were paid.

**Plaintiffs:**

17.    Plaintiff ADRIAN AGUILAR ("Aguilar") is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

18.    Plaintiff JOSE POLANCO ("Polanco") is an adult, natural person who resides in the City, County and State of New York.

19.    Plaintiff JUAN PABLO MARTINEZ ("Martinez") is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

20.    Plaintiff MARTIN PEREZ ("Perez") is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

21.    Plaintiff ANTONIO CARNALLA ("Carnalla") is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

22.    Plaintiff HILLARIO LOZANA ARAGON ("Aragon") is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

23.    Plaintiff NICOLAS ANCO is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

24.    Plaintiff JORGE ANCO is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

25.    As described herein, Defendants knowingly failed to adequately compensate Plaintiffs for wages, including minimum and premium (overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207) and NYLL.

26.    For extended periods of time, Defendants exploited Plaintiffs by promising to pay them wages for their labor; then, after inducing Plaintiffs to work at the Project, neglecting to pay them for work that they performed.

27.    Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28.    Defendants employed Plaintiffs within the meaning of the FLSA.

29.    Defendants employed Plaintiffs within the meaning of NYLL, §§ 2 and 651.

30.    At all relevant times, SNG had gross annual revenues in excess of $500,000.00.

 *(a) ADRIAN AGUILAR*

31.    Aguilar was employed by Defendants as a mason at the Project from on or about December 2016 through on or about February 14, 2017.

32.    Defendants agreed to pay Aguilar $180 per workday.

33.    Aguilar worked approximately fifty (50) hours per week.  However, he received no compensation whatsoever for the extensive overtime hours that he worked each week.

34.    Defendants refused to pay Aguilar *any* wages for his final four weeks of work, to wit: from on or about January 15, 2017 through February 14, 2017, during which time period Aguilar worked approximately 27 days.   Accordingly, it is conservatively estimated that Defendants owe Aguilar $4,860 in unpaid regular wages (27 days x $180.00), plus an equal amount in liquidated damages. In addition, Defendants owe Aguilar premium overtime compensation at one and one-half times his effective, hourly rate of pay ($22.5 x 1.5 = $33.75) for the extensive hours that he worked above forty per workweek (on average, ten hours per workweek), in the estimated amount of $3,712.50 (11 weeks x 10 = 110  x $33.75).

35.    Defendants also owe Aguilar spread-of-hours compensation (one (1) additional hour pay at the basic minimum wage rate before allowances) for each day Aguilar's spread of hours exceeded ten (10), in violation of New York Labor Law §§ 190, et seq. & 650, et seq., as codified by 12 NYCRR §§ 137.17 & 137.11.

(b) *JOSE POLANCO*

36.    Polanco was employed by Defendants as a mason at the Project from on or about December 3, 2016 through December 23, 2016.

37.    Defendants willfully exploited Polanco by refusing to pay him *any* compensation for his work during the entire period of his employment.

38.    At the commencement of Polanco's employment, Defendants agreed to pay Polanco $15.00 per hour.

39.    Polanco worked 10.5 hours per day, from approximately 7:00 a.m. until 5:30 p.m. Therefore, it is conservatively estimated that Defendants owe Polanco unpaid wages in the amount of $2,520.00, plus an equal amount in liquidated damages.

40.    It is conservatively estimated that Defendants owe Polanco overtime wages in the amount of $675.00 (30 hrs. x $22.50), plus an equal amount in liquidated damages.

41.    Defendants also owe Polanco spread-of-hours compensation (one (1) additional hour pay at the basic minimum wage rate before allowances) for each day Polanco's spread of hours exceeded ten (10), in violation of New York Labor Law §§ 190, et seq. & 650, et seq., as codified by 12 NYCRR §§ 137.17 & 137.11.

(c) *JUAN PABLO MARTINEZ*

42.    Martinez was employed by Defendants as a mason at the Project from on or about February 6, 2017, through February 9, 2017.

43.    When Martinez began working for Defendants, Defendants agreed to pay Martinez $140.00 per day.

44.    Defendants willfully and egregiously exploited Martinez by refusing to pay him *any* wages for his work.

45.    It is conservatively estimated that Defendants owe Martinez past-due wages in the amount of approximately $560.00, plus an equal amount in liquidated damages.

(d) *MARTIN PEREZ*

46.    Perez was employed by Defendants as a mason at the Project commencing in or about the first week of January through on or about February 14, 2017, with a weekly schedule of approximately 50 hours.

47.    Perez was not paid *any* wages for the final two weeks of his employment, to wit: from on or about February 1, 2017 through February 14, 2017, during which Perez worked approximately 100 hours without pay.

48.    Defendants agreed to pay him $25.00 per hour.

49.    Accordingly, Perez is owed past-due regular wages in the sum of $2,000.00 (80 x $25 = $2000.00) and overtime wages in the sum of $2,250.00 (6 wks. x 10 hrs = 60 hrs x $37.50 = $2,250), plus an equal amount in liquidated damages.

50.    Defendants also owe Perez spread-of-hours compensation (one (1) additional hour pay at the basic minimum wage rate before allowances) for each day Perez' spread of hours exceeded ten (10), in violation of New York Labor Law §§ 190, et seq. & 650, et seq., as codified by 12 NYCRR §§ 137.17 & 137.11.

(e) *ANTONIO CARNALLA*

51.    Carnalla was employed by Defendants as a mason at the Project during the first

two weeks of January 2017.

52.     When Carnalla began working for Defendants, Defendants agreed to pay Carnalla $18.75 per hour.

53.     Defendants willfully exploited Carnalla by refusing to pay him *any* wages for his work, which consisted of fifty hours per week.

54.     Thus, Defendants owe Carnalla past-due wages for the entire period of his employment (80 hours x $18.75 per hour = $1,500), as well as overtime-compensation (20 hours x 28.12 = $564.40), plus equal amounts in liquidated damages, and spread-of-hours pay.

*(f) HILLARIO LOZANO ARAGON*

55.     Aragon was employed by Defendants as a construction helper and concrete mixer at the Project from on or about January 23, 2017 through on or about February 14, 2017.

56.     When Aragon began working for Defendants, Defendants agreed to pay Aragon $120.00 per day.

57.     Defendants willfully and egregiously exploited Aragon by refusing to pay him *any* wages for his work, even though he worked 20 full work days for Defendants.

58.     Therefore, Defendants owe Aragon past-due wages of $2,400.00, plus an equal amount in liquidated damages, premium overtime pay and spread-of–hours compensation.

*(g) NICOLAS ANCO*

59.     Nicolas Anco was employed by Defendants as a construction worker at the Project from on or about February 6, 2017 through February 24, 2017.

60.     When Nicolas Anco began working for Defendants, Defendants agreed to pay him $180.00 per day.

61.     Defendants exploited Nicolas Anco by: (a) for the period February 6, 2017

through February 11, 2017, Defendants paid him only $670.00 of the $1,080 of wages owed to him: (b) for the period February 13, 2017 through February 24, 2017, failing to pay him *any wages whatsoever*, even though he worked eleven (11) full work days at the Project for Defendants during this period.

62.    Therefore, it is conservatively estimated that Defendants owe Nicolas Anco past-due wages of $2,390.00, plus an equal amount in liquidated damages, unpaid overtime, and unpaid spread-of-hours compensation.

63.    Defendants also refused to allow Nicolas Anco to retrieve his tools, including a work harness, trowel, and other tools of the trade, which are valued at approximately $500.00, after he ceased working for Defendants.

   *(h) JORGE ANCO*

64.    Jorge Anco was employed by Defendants as a construction worker at the Project from February 6, 2017 through February 24, 2017. During this period, he worked each week from Monday through Saturday. On Mondays, he worked from 7am to 5pm. On Tuesday through Friday he worked from 7am to 3:30pm. On Saturdays, he worked from 8am to 3pm.

65.    When Jorge Anco began working for Defendants, Defendants agreed to pay Jorge Anco $180.00 per day for his workdays (7:00 a.m. until 5:30 p.m.).

66.    Defendants willfully and egregiously exploited Jorge Anco by: (a) for the period February 6, 2017 through February 11, 2017, Defendants paid him only $670.00 of the $1,080 of wages owed to him: (b) for the period February 13, 2017 through February 24, 2017, failing to pay him *any wages whatsoever*, even though he worked eleven (11) full work days for Defendants during this period.

67.    Therefore, Defendants owe Jorge Anco past-due wages of $2,390.00, plus an equal

amount in liquidated damages, plus unpaid overtime and spread-of-hours compensation.

## AS AND FOR A FIRST  CAUSE OF ACTION
### FLSA Minimum Wage Violations

68.    Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

69.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

70.    At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed Plaintiffs as masons and laborers which engaged the Plaintiffs in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).  Defendants are an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

71.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all of their hours worked, resulting in Plaintiffs' effective, hourly pay rates falling below the require minimum wage.

72.    Plaintiffs were victims of Defendants' violations of minimum wage rights under the FLSA by failing to compensate Plaintiffs for all hours that they worked and obfuscating this unlawful practice by not providing wage notices and paystubs.

73.    Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

74.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

75.    Plaintiffs were damaged in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
### FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.*

76.    Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

77.    Defendants required Plaintiffs, as part of their employment, to work, without compensation, hours in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

78.    Plaintiffs routinely worked substantially more than forty (40) hours per week, yet did not receive overtime compensation at 1.5 times their effective, hourly rate of pay for the work, labor and services they provided to Defendants for hours worked above the first (40) per workweek, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

79.    Defendants' violations of the FLSA's overtime provisions were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

### AS AND FOR A THIRD CAUSE OF ACTION
**New York Labor Law – Minimum Wages**

80.    Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

81.    The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiffs.

82.    Defendants, in violation of the NYLL, willfully paid Plaintiffs less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

83.     Plaintiffs were damaged in amounts to be determined at trial.

84.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS AND FOR A FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages

85.     Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

86.     Defendants, in violation of N.Y. Lab. Law §§ 190 and 650 et seq., and supporting regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half (1.5) the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

87.     As a result of Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per workweek, Plaintiffs are entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR

88.     Plaintiffs repeat and re-allege all paragraphs above as though fully set forth herein.

89.     Defendants willfully failed to pay Plaintiffs (one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten (10) hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. TIT. 12, § 146-1.6.

90.     Plaintiffs were damaged in amounts to be determined at trial.

91.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**Illegal Deductions, New York Labor Law, Article 19 § 193**
**and 12 N.Y.C.R.R. § 2.10(a).**

92.     Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

93.     In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiffs including, *inter alia*, requiring Plaintiffs to provide and pay for their own "tools of the trade," which further reduced their effective, hourly rates of compensation below the required minimum and overtime rates of pay.

94.     As a result of the foregoing, Plaintiffs seek judgment against Defendants for reimbursement of unlawful deductions, as well as liquidated damages, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements**

95.     Plaintiffs repeat and re-allege and incorporate each and every allegation of the preceding paragraphs of this complaint with the same force and effect as though fully set forth herein.

96.     The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

97.     Defendants willfully failed to provide Plaintiffs with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer;

rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

98.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

### AS AND FOR AN EIGHTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices

99.    Plaintiffs repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

100.    The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

101.    In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, at the time of hiring or whenever there was a change to their rate of pay, with wage notices required by NYLL § 191.

102.    Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully request that the Court grant the following relief:

A.    That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

B.    That the Court declare, adjudge and decree that the Plaintiffs were at all times relevant hereto, and are, entitled to be paid (a) overtime for work beyond 40 hours in a week; (b) within seven days after the end of the week in which salary was earned; and (c) that amounts to which Plaintiffs are entitled are to be doubled as liquidated damages;

C.    That the Court make an award to Plaintiffs of damages and/or restitution for the amount of unpaid compensation, unpaid minimum wages, unpaid overtime compensation, including interest thereon, and statutory penalties/liquidated damages in amounts to be proven at trial;

D.    That the Court make an award to Plaintiffs of reimbursement for all unlawful deductions;

E.    For 100% liquidated damages for all pay not remitted on a weekly basis;

F.    Declaring that Defendants violated the notices and record keeping provisions of the NYLL and WTPA;

G.    An award of statutory damages for Defendants' failure to provide accurate wage Notices and  Statements pursuant to the NYLL and applicable wage orders;

H.    For prejudgment and post-judgment interest on economic losses;

I.    For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. §

216(b), New York Labor Law and as otherwise provided by law; and

J.        Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury on all questions of fact raised by the complaint.

Dated: New York, New York            **RAPAPORT LAW FIRM, PLLC**
          December 17, 2018

                                            *By:  /s/* Marc A Rapaport

                                            Marc A. Rapaport
                                            *Attorney for Plaintiffs*
                                            One Penn Plaza, Suite 2430
                                            New York, New York 10119
                                            Ph: (212) 382-1600

                                            mrapaport@rapaportlaw.com